IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRAIG CUNNINGHAM,                    )
                    Plaintiff,        )
                                      )
        v.                            )
                                      )      Civil Action No. 09-1314
NORTH VERSAILLES                      )
TOWNSHIP, VINCENT DICENZO,            )
THOMAS NEE, JAMES COMUNALE            )
and JOHN DOE,                         )
                    Defendants.        )


AMBROSE, District Judge.

## MEMORANDUM OPINION

This is a civil rights action brought by Craig Cunningham, *pro se*, ("Plaintiff"), against North

Versailles Township ("the Township"), Vincent Dicenzo ("Defendant Dicenzo"), Thomas Nee,

("Defendant Nee"), James Comunale ("Defendant Comunale"), and John Doe ("Defendant Doe").[1]

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 7).[2] For the following reasons,

Defendants' Motion is GRANTED, in part and DENIED, in part.

---

[1]

When referring to the Township and police officer defendants collectively, I will refer to said as "Defendants." When referring to the individual police officer defendants collectively, I will refer to them as "Defendant Officers."

[2]

Plaintiff also named Scottsdale Insurance Company as a defendant in his Complaint. However, upon motion by Plaintiff, Scottsdale Insurance Company was dismissed from the suit by Order dated February 3, 2009. (Doc. No. 19).

## I.      Standards of Review

A complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if it does not allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965-66 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1965).

Under this standard, factual allegations of a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted).

*Pro se* complaints, however, are to be liberally construed. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)). Indeed, the Supreme Court has held that, after *Twombly*, the Court is required to hold a pro se complaint, "to less stringent standards than formal pleadings drafted by lawyers," however inartfully pled. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 97 S.Ct. 285 (1975)). *See also Holley v. Dept. of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999) (holding that the court must read a pro se complaint for substance and apply the applicable law, regardless of whether the plaintiff used the appropriate names for his or her claims).

## II.     Factual Allegations

Plaintiff is an individual and resident of the state of Texas. (Doc. No. 1 at ¶1). At the time of the alleged incident giving rise to his Complaint, Plaintiff was a resident of Pennsylvania and employed by Suzlon Wind Energy in Somerset, Pennsylvania. (*Id.*; Doc. No. 1 at ¶12). Plaintiff avers that, on September 21, 2008 at approximately 1:58 p.m., he was traveling to the Pittsburgh Airport on Route 30, in a vehicle given to him by Suzlon Wind Energy, "to use as his own property for the duration of his employment ... ." (Doc. No. 1 at ¶11). According to Plaintiff the vehicle, a 2008 Ford Escape, was leased by the company from Enterprise Leasing Company and obtained from Tri-Star Somerset, a local Ford Dealership in Somerset. (Doc. No. 1 at ¶12). Plaintiff alleges that the vehicle "was properly titled, registered, insured, had a temporary registration sticker in the left rear window and a Pennsylvania license plate." *Id.* Plaintiff further alleges that he was given an MV-1 from the dealership when he signed for and took possession of the vehicle. *Id.* According to Plaintiff, the MV-1 form contained the name, address and phone number of the vehicle's owner, Enterprise Leasing Company, as well as the name, address and phone number of the dealership. (Doc. No. 1 at ¶16). The MV-1 also contained insurance information related to the vehicle and the vehicle identification number ("VIN"). *Id.*

According to Plaintiff's Complaint, as he was traveling on Route 30 at that time, he was waived into a parking lot by Defendant Dicenzo, who was standing in the middle of the road. (Doc. No. 1 at ¶10). Defendant Dicenzo informed Plaintiff that he was being pulled over for speeding. (Doc. No. 1 at ¶14). Plaintiff avers that he presented his driver's license to Defendant Dicenzo and believes that Defendant Dicenzo left to run a computer check. *Id.* Plaintiff further avers that he was asked to present his registration papers, and provided the certified MV-1 document provided by the dealership. (Doc. No. 1 at ¶15). Plaintiff states that he informed Defendant Dicenzo that the MV-1

3

form was the documentation he received from the dealership. *Id.*

Plaintiff alleges that, after presenting Defendant Dicenzo with the MV-1, Defendant Dicenzo began to repeatedly ask Plaintiff for the name of his employer. (Doc. No. 1 at ¶17). Plaintiff allegedly responded by asking what that information had to do with the stop and referred Defendant Dicenzo to the MV-1. (Doc. No. 1 at ¶¶ 17-18). Plaintiff alleges that Defendant Dicenzo responded by telling Plaintiff that he would impound the vehicle unless "he could verify that the Plaintiff was listed on a rental agreement to drive the vehicle in question." (Doc. No. 1 at ¶17). Plaintiff further alleges that Defendant Dicenzo falsely stated that the information on the MV-1 was for the main Enterprise, not the Enterprise located in Somerset and that he would have to impound the vehicle because Plaintiff could not provide a rental agreement. (Doc. No. 1 at ¶19). Plaintiff's Complaint alleges that he and Defendant Dicenzo continued to dispute whether a rental agreement was necessary. According to Plaintiff, Defendant Dicenzo insisted that Pennsylvania law required that he have a rental agreement, regardless of whether or not it was a company vehicle. (Doc. No. 1 at ¶¶ 21-23).

Plaintiff alleges that, during the course of this exchange, he asked to speak to Defendant Dicenzo's supervisor. (Doc. No. 1 at ¶27). Defendant Dicenzo allegedly responded that the chief of police was not working that day. *Id.* According to Plaintiff, Defendant Doe then walked up to the vehicle and informed Plaintiff that the car could be towed and asked Plaintiff who he worked for. (Doc. No. 1 at ¶28). Plaintiff refused to answer, allegedly telling the Defendants Dicenzo and Doe that his employer had nothing to do with the traffic stop. *Id.* Plaintiff alleges that Defendant Doe then informed him that Enterprise Rent-a-Car authorized the police to impound vehicles when there is no rental agreement. (Doc. No.1 at ¶29). Defendant Doe allegedly informed Plaintiff that if he

4

continued to refuse to give the name of his employer, his car would be impounded. (Doc. No. 1 at ¶30). Plaintiff alleges that he eventually gave Defendant Dicenzo the name of his supervisor, "out of coercion and the duress of facing the impoundment" of his vehicle. (Doc. No. 1 at ¶31).

Plaintiff alleges that Defendant Dicenzo then ordered Plaintiff to call his supervisor and ask where the rental agreement was for the vehicle and that if Plaintiff refused to do this, his vehicle would be impounded. (Doc. No. 1 at ¶32). According to Plaintiff, he was ordered to contact his supervisor by Defendant Dicenzo, in an attempt to cause professional harm to Plaintiff. (Doc. No. 1 at ¶33). Plaintiff allegedly spoke to his supervisor, but Defendant Dicenzo informed Plaintiff that he was impounding the vehicle. (Doc. No.1 at ¶34). Defendant Dicenzo allegedly told Plaintiff that he had attempted to contact Enterprise Rent-a-Car at the airport, but it was closed. *Id*. According to Plaintiff, Defendant Dicenzo informed him that, because he could not get any information related to whether or not Plaintiff was permitted to drive the vehicle, said was being impounded. *Id.*

Plaintiff alleges that he thereafter exited to vehicle and attempted to secure his belongings. (Doc. No. 1 at ¶35). He also informed Defendants Dicenzo and Doe that he did not consent to any searches. *Id*. Additionally, Plaintiff alleges that his companion attempted to exit the vehicle, but was stopped by Defendant Nee, "who walked up very close to Plaintiff's companion preventing him from exiting the vehicle completely." *Id*. Plaintiff alleges that "Defendant Nee immediately began to search [his] companion to which [Plaintiff] objected ... ." (Doc. No. 1 at ¶36). According to Plaintiff, Defendant Nee stopped searching Plaintiff's companion and threatened Plaintiff was arrest for verbally objecting to the search. Id. Plaintiff further alleges that, "[d]ue to the threat of arrest for legally objecting to a search, and despite multiple requests that [he] be allowed to retrieve his property out of the vehicle," he was forced to leave some of his valuable personal property in the

5

vehicle by Defendants Nee and Dicenzo. (Doc. No. 1 at ¶39).

Plaintiff was then given a citation for speeding and told to call for a ride while his vehicle was impounded. (Doc. No. 1 at ¶41). According to Plaintiff, the length of the stop was thirty (30) minutes, "far longer than was required to issue a citation for one summary offense." (Doc. No. 1 at ¶43). Plaintiff alleges that, after the stop, Defendant Dicenzo falsified Plaintiff's ownership information in his report in order to attempt to show "a legitimate impoundment." (Doc. No. 1 at ¶69). According to Plaintiff, however, the incident report and the citation are grossly inconsistent. *Id.* Thereafter, Plaintiff alleges, Defendant Comunale signed off on the falsified report, without attempting to fix the discrepancy. (Doc. No. 1 at ¶¶70-71). According to Plaintiff, "Defendant [Comunale] either knowingly viewed the information and engaged in a cover-up or simply failed to adequately supervise his subordinates and properly review their reports, actions, and supporting documentation." (Doc. No. 1 at ¶72). Plaintiff further alleges that Defendant Comunale refused to provide a copy of the incident report to Plaintiff, further engaging in civil conspiracy in an attempt to cover up the actions of Defendant Dicenzo. *Id.*

## III.   Discussion

Based on the above factual allegations, Plaintiff brings the following civil rights claims against Defendants: (1) civil conspiracy to deprive Plaintiff of his constitutional rights pursuant to 42 U.S.C. §1983 against Defendants; (2) violations of Plaintiff's First, Fourth, Fifth and Fourteenth Amendment rights pursuant to 42 US.C. §1983 against Defendants and deliberate indifference or failure to train/supervise by Defendants Township and Comunale.

### Motion to Dismiss Pursuant to 12(b)(4)

As a threshold matter, Defendants have raised the issue of sufficiency of service. (Doc. No.

6

8 at 3). Specifically, Defendants argue that, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, Plaintiff, as a party to this action, is unable to serve summonses in this case. *Id.* However, Plaintiff here filed a "Proof of Service" for each Defendant, by certified letter, signing his own name as the server. *Id.* Defendants argue that Plaintiff has failed to effectuate proper service on Defendants, despite an attempt by Defendants' counsel to resolve the issue. *Id.* Therefore, Defendants argue, Plaintiff's Returns of Service should be stricken and Plaintiff directed to serve in compliance with Rule 4(c)(2) of the Federal Rules of Civil Procedure. (Doc. No. 8 at 4).

In response to Defendants' Motion, Plaintiff argues that he has re-served Defendants "via an independent third party" and therefore Defendants' service argument is moot. (Doc. No.   at ¶2).

Federal 4(c)(2) of the Federal Rules of Civil Procedure state that service of a summons and complaint may be tendered by "[a]ny person who is at least 18 years old and not a party." Fed.R.Civ.P. 4(c)(2). While Plaintiff avers that he has re-served each Defendant with a Complaint and summons, no proofs of any such service have been filed with the Court. Therefore, I am without proof of such service. Plaintiff is hereby ordered to file a proof of service showing that the Complaint and summons have been properly served upon each Defendant by an individual qualified to effectuate service under Rule 4(c)(2). If proper service has not yet been made, Plaintiff is ordered to properly serve each Defendant or request a Waiver of service from each Defendant within 20 days of this opinion and order.

## Motion to Dismiss Pursuant to 12(b)(6)

Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for several reasons. Defendants argue that Plaintiff has failed to properly plead a cause of action for:

7

(1) civil conspiracy under 42 U.S.C. §1983; (2) a violation of his First Amendment right to free speech; (3) a violation of his Fifth Amendment rights; (4) a violation of his right against illegal search and seizure under the Fourth and Fourteenth Amendments; and (5) deliberate indifference or failure to train under 42 U.S.C. §1983.  Further, Defendants argue that the Defendant police officers are entitled to qualified immunity and Plaintiff has failed to establish municipal liability for the conduct of Defendants Comunale, Dicenzo and Nee.  Finally, Defendants argue that, to the extent that Plaintiff's claims against the Township are not dismissed in their entirety, any claim for punitive damages should be.  I will discuss each of Defendants' arguments, in turn.

A.      *Whether Plaintiff Has Sufficiently Pled a Cause of Action for Civil Conspiracy Under 42 U.S.C. §1983*

Plaintiff's Complaint alleges civil conspiracy in violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. §1983.  Specifically, Plaintiff alleges that Defendants Nee, Dicenzo and Comunale engaged in a conspiracy to deprive him of his civil rights under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. (Doc. No. 1 at ¶¶98-99).

Defendants argue that Plaintiff's conclusory statements that Defendants Comunale, Dicenzo and Nee conspired to deprive his constitutionally protected rights are insufficient and therefore his civil conspiracy claim under §1983 should be dismissed. (Doc. No. 8 at 5).

42 U.S.C. §1983 ("§1983") provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

8

redress ... .

42 U.S.C. §1983 provides a remedy for a violation of rights created by federal law or the Constitution of the United States.  42 U.S.C. §1983; *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). In order to state a cause of action for civil conspiracy under §1983, a plaintiff must plead both the elements of cause of action under §1983 and conspiracy. *See Marchese v. Umstead*, 110 F.Supp. 2d 361, 371 (E.D. Pa. 2000) (citing *Holt Cargo Systems, Inc. v. Del. River Port Auth.*, 20 F.Supp. 2d 803, 843 for the proposition that "there can be no liability for a conspiracy to violate section 1983 without an actual violation of section 1983") (citations omitted).  Thus, to state a cause of action for violation of a constitutional right under §1983, a plaintiff must sufficiently allege the deprivation of a federally protected right by a person acting under color of state law.  42 U.S.C. §1983; *Thomas v. Independence Twp.*, 463 F.3d 285, 292 (3d Cir. 2006).  In addition, in order to survive 12(b)(6), a claim for a §1983 civil conspiracy claim, a plaintiff is required to "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).  Indeed, a plaintiff is required to allege that two or more conspirators reached an agreement for the purpose of depriving him of his constitutional rights under color of state law. *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 90 S.Ct. 1598 (1970)), *abrogated on other grounds*, *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003).

While a heightened pleading standard generally does not apply to civil rights actions against individual defendants and municipalities, *see e.g. Verney v. Pa. Turnpike Commission*, 881 F.Supp.

9

145, 149 (M.D. Pa. 1995); *Loftus v. Southeastern Pa. Transp. Auth.*, 843 F.Supp. 981, 985 n. 4 (E.D. Pa. 1994), a complaint that alleges a conspiracy must be pled with particularity. *Bieros v. Nicola*, 860 F.Supp. 223, 225 (E.D. Pa. 1994) (citing *Loftus*, 843 F.Supp. at 985) (internal citations omitted). The complaint alleging civil conspiracy under §1983 must make factual allegations "of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Financial Planning*, 800 F.Supp. 1244, 1250 (E.D. Pa. 1999). "It is not enough to allege that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Spencer v. Steinman*, 968 F.Supp. 1011, 1020 (E.D. Pa. 1997). Rather, the plaintiff must show that the alleged conspirators "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement." *Chicarelli v. Plymouth Garden Apartments*, 551 F.Supp. 532, 539 (E.D. Pa. 1982) (citing *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir. 1980)).

Here, Defendants argue that Plaintiff has failed to state a claim for civil conspiracy under §1983 because he has failed to allege the specific facts of conspiracy. (Doc. No. 8 at 4). Rather, Defendants argue, Plaintiff has pled only mere allegations of a conspiracy between Defendants Comunale, Dicenzo and Nee. (Doc. No. 8 at 5). I agree and find that Plaintiff has failed to plead sufficient facts of a civil conspiracy.

In regard to the Defendant Officers at the scene of the incident, Defendants Dicenzo, Nee and Doe, Plaintiff merely alleges that the officers acted in concert to deprive him of his constitutionally protected rights by harassing Plaintiff and impounding his vehicle. (Doc. No. 1 at ¶85). Plaintiff fails to allege any specific facts of an understanding or agreement between the officers to engage in

conduct directed at depriving Plaintiff of his rights. See *Chicarelli*, 551 F.Supp. at 539. *See also, e.g.*, *Kist v. Fatula*, Civil Action No. 06-67, 2007 WL 2404721 at *9 (W.D. Pa. August 17, 2007) (finding that the plaintiff had failed to allege sufficient facts of a civil conspiracy under §1983 because he failed to allege facts sufficient to establish the requisite agreement). Furthermore, while Plaintiff alleges that Defendant Comunale and Defendant Dicenzo engaged in conspiracy, as Defendant Comunale signed off on an allegedly falsified incident report completed by Defendant Dicenzo, (Doc. No. 1 at §84), this too fails to meet the standard for a sufficient claim of conspiracy. Indeed, Plaintiff must make more than a mere allegation that Defendants Comunale and Dicenzo engaged in conduct of conspiracy. *See Spencer*, 968 F.Supp. at 1020 (holding that it is not enough to allege that the defendants acted in "conscious parallelism"). He is required to also plead some factual basis showing agreement between the parties. *Capogrosso*, 588 F.3d at 185. Plaintiff's bare allegations that the Defendants conduct amounts to a conspiracy is insufficient. Therefore, Defendants' Motion will be granted as to Plaintiff's civil conspiracy claims.

> B.    *Whether Plaintiff Has Sufficiently Pled a Cause of Action for a Violation of His First Amendment Right to Free Speech Under §1983*

Plaintiff's Complaint alleges that Defendants violated his First Amendment rights in violation of §1983. (Doc. No. 1 at ¶¶111-112). Specifically, in his factual averments, Plaintiff alleges that Defendant Nee violated his rights under the First Amendment by threatening him with arrest and subsequently impounding his vehicle in retaliation for Plaintiff's objection to the search of his companion during the course of the traffic stop. (Doc. No. 1 at ¶89).

Reading Plaintiff's *pro se* Complaint liberally, I find that, in regard to his First Amendment claims, Plaintiff has pled a claim for First Amendment Retaliation pursuant to §1983, as he has

factually averred that Defendant Nee threatened to arrest him after he objected to the search of his companion. (Doc. No. 1 at §89). Moreover, Plaintiff's Complaint alleges that, after he objected to the search, his car was impounded for an illegal reason. (Doc. No. 1 at ¶40).

As an initial matter, Defendants argue that Plaintiff's Complaint fails to make any specific allegations that Defendants Dicenzo, Comunale or Defendant Township violated his First Amendment rights. (Doc. No. 8 at 6). Moreover, Defendants argue that Plaintiff has failed to establish that he was retaliated against for exercising his First Amendment rights because Plaintiff was cited for a traffic violation and nothing else. *Id*. Therefore, Defendants argue, Plaintiff has failed to show any causal connection between the alleged retaliatory conduct and his protected activity. *Id*.

In regard to Defendants' contention that Plaintiff has failed to make any specific allegations against Defendants Dicenzo, Comunale or Township, I find that Plaintiff has sufficiently made specific allegations against all Defendants, with the exception of Defendant Township. Plaintiff has failed to allege that the Township is liable for a violation of his First Amendment rights. (Doc. No. 1 at ¶¶89-82; 111-112). Thus, in regard to the Township, Plaintiff's First Amendment claims will be dismissed. In regard to Defendants Comunale, Dicenzo, Nee and Doe, Plaintiff has specifically alleged that the conduct of said Defendants resulted in a violation of his First Amendment rights. (Doc. No. 1 at ¶111). Furthermore, Plaintiff specifically alleges that Defendant Nee retaliated against Plaintiff for his objection to the search, (Doc. No. 1 at ¶¶37-38) and Defendant Dicenzo failed to intervene with the conduct of Nee, his inferior, in further violation of Plaintiff's rights. *Id*.

In order to state a claim for retaliation under the First Amendment, a plaintiff is required to allege that: (1) he engaged in constitutionally protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation. *See Eichenlaub v. Twp. of*

*Indiana*, 385 F.3d 274, 282 (3d Cir. 2004) (citing *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997) and *Herman v. Carbon Cty.*, 248 Fed. Appx. 442, 444 (3d Cir. 2007) (citations omitted). Defendants challenge the third requirement here, *i.e.*, whether Plaintiff has shown a causal connection between his protected activity and the retaliation. Specifically, Defendants argue that Plaintiff has failed to show a connection between the citation for the traffic stop and Plaintiff's protected speech. (Doc. No. 8 at 6).

Defendants rely on *Davis v. Twp. of Paulsboro*, 421 F.Supp. 2d 835, in support of their contention that Plaintiff has failed to properly plead causation. (Doc. No. 8 at 6). However, I find that case inapposite here, as it was determined at summary judgment, after the parties had engaged in discovery. *See Davis*, 421 F.Supp. 2d at 845. The issue of whether there is a causal connection between retaliatory conduct and speech requires an examination of the circumstances surrounding the alleged conduct, which may include unusually suggestive temporal proximity or other evidence giving rise to an inference of retaliatory animus. *See Malone v. Economy Borough*, — F.Supp. 2d —, 2009 WL 3756673 (W.D. Pa. 2009). Plaintiff has sufficiently alleged that he was cited after he engaged in protected activity. Whether he has established the requisite causal connection between Defendant Officers' conduct and his objection to the search is better determined at the summary judgment stage.

Moreover, Defendants' argument assumes that the sole retaliatory conduct in question is the citation given to Plaintiff at the time of the traffic stop. (Doc. No. 8 at 6). However, reading Plaintiff's *pro se* Complaint liberally, as I am required to do, I find that Plaintiff has also stated that his car was impounded by Defendants Dicenzo and Nee as a result of his objection to his companion's search. (Doc. No. 1 at ¶¶39-40). Plaintiff's Complaint alleges that, "[i]t was not until this point in the encounter [after he objected to the search], some 30 minutes later that Defendant [Dicenzo]

returned the Plaintiff's license and gave the Plaintiff a citation. ...Defendant [Dicenzo] stated that the vehicle was being impounded since the Plaintiff did not have a rental agreement stating that the Plaintiff could be driving the vehicle." Defendants have not addressed whether Plaintiff has sufficiently alleged retaliation as it pertains to the impounding of Plaintiff's vehicle. Defendants' Motion to Dismiss as to Plaintiff's First Amendment claims against Defendants Officers will be denied.

C.    *Whether Plaintiff Has Stated a Cause of Action for a Violation of His Fifth Amendment Rights Under §1983*

Plaintiff alleges that Defendants violated his Fifth Amendment rights, in violation of §1983. (Doc. No. 1 at ¶87-88). Specifically, Plaintiff alleges that by demanding information from Plaintiff and subsequently impounding his vehicle, Defendants violated his Fifth Amendment rights. *Id.*

Defendants argue that Plaintiff has failed to state a claim for a violation of his Fifth Amendment rights, as he has failed to allege any allegations against federal government actors. (Doc. No. 8 at 6). Rather, he has only made allegations against state actors, to which the Fifth Amendment does not apply. (Doc. No. 8 at 7).

The Fifth Amendment of the United States Constitution protects an individual from deprivation of his property rights by a *federal actor*, without due process of law. U.S. Const. Amend. V. To the extent that Plaintiff has pled a due process claim under the Fifth Amendment, said claims fail, as all Defendants here are state actors. *See Morales v. Beard*, Civil Action No. 07-1527, 2009 WL 586604 at *1 n.1 (W.D. Pa. Mar. 6, 2009) (citing *Riley v. Camp*, 130 F.3d 958, 972 n. 19 (11th Cir. 1997) (for the proposition that "[t]he Fifth Amendment obviously does not apply here- the acts complained of were committed by state rather than federal officials").

14

While Plaintiff cannot claim a deprivation of his Fifth Amendment rights, reading the Plaintiff's Complaint liberally, the Court finds that his claims related to the deprivation of his property rights in the vehicle are instead a Fourteenth Amendment Due Process claim. Indeed, Plaintiff's claims brought under the Fifth Amendment allege that Defendants deprived him of his personal property improperly and for discriminatory reasons. (Doc. No. 1 at ¶¶84-88). While Plaintiff cannot state a claim under the Fifth Amendment, these allegations sound in a Fourteenth Amendment due process claim. *See Holley v. Dept. of Veterans Affairs*, 165 F.3d at 247-48. Defendants' Motion will therefore be granted with respect to Plaintiff's Fifth Amendment claims. However, Plaintiff will be granted leave to amend his Complaint accordingly.

> D.  *Whether Plaintiff has Stated a Cause of Action for a Violation of his Fourth and Fourteenth Amendment Rights Against Illegal Search and Seizure*

Plaintiff's Complaint alleges a violation of his Fourth and Fourteenth Amendment rights under §1983, resulting from the conduct of Defendants Dicenzo, Nee and Doe at the traffic stop and Defendant Comunale's conduct thereafter. (Doc. No. 1 at ¶¶111-112). Reading Plaintiff's Complaint liberally, I find that he is asserting a Fourth Amendment claim as a result of the seizure of the vehicle and personal property therein when the vehicle was impounded after the traffic stop.[3]

Defendants argue that Plaintiff has failed to sufficiently allege a claim for illegal seizure. Initially, Defendants argue that Plaintiff lacks standing to assert a claim under the Fourth and Fourteenth Amendments of the Constitution. (Doc. No. 8 at 8). Moreover, Defendants argue that,

---

[3]      While Plaintiff notes that his companion was searched by Defendant Nee after attempting to exit the vehicle, it does not appear from the language of the Complaint that he is attempting to assert a Fourth Amendment claim in regard to this search. Rather, his Complaint alleges that his car was illegally impounded and private property taken in violation of the Fourth and Fourteenth Amendments. (Doc. No. 1 at ¶86).

even assuming that Plaintiff has standing to assert claims under the Fourth and Fourteenth Amendment, he has failed to sufficiently plead said claims. (Doc. No. 8 at 8). Specifically, Defendants contend that Defendants acted reasonably in impounding the automobile, as (1) they did so in conformity with standard operating procedures for Enterprise cars; and (2) they acted upon the information they could obtain from Plaintiff, considering his unwillingness to cooperate in the investigation. (Doc. No. 8 at 8). Moreover, in regard to any personal property that was seized, Defendants argue that Plaintiff has failed to properly plead what, if any, property was seized and therefore his claims should be dismissed. (Doc. No. 8 at 8).

      1.     Standing

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ... ." U.S. Const. Amend. IV. This guarantee is extended to searches and seizures of individuals by state officers by the Fourteenth Amendment. U.S. Const. Amend. XIV; *Shuman ex. rel. Shertzer v. Penn Manor School Dist.*, 422 F.3d 141, 147 (3d Cir. 2005) (citations omitted). The Fourth Amendment protects both privacy *and* property interests. *Soldal v. Cook Cty, Ill.*, 113 S.Ct. 538 (1978).

A plaintiff will have standing to bring a Fourth Amendment claim when "the disputed search and seizure has infringed upon an interest of the defendant which the Fourth Amendment was designed to protect." *Rakas v. Illinois*, 99 S.Ct. 421 (1978).[4] The plaintiff is not required to prove that his or her rights were actually violated, but must allege injury in fact. *Id.* Defendants argue that

---

[4]     The provisions of the Fourth Amendment are incorporated within the due process clause of the Fourteenth Amendment and are therefore applicable to state actors. U.S. Const. Amend. XIV.

16

Plaintiff has failed to establish that he had either the requisite privacy or property interest in the vehicle he was driving in order to have standing. (Doc. No. 8 at 8).

For purposes of claims brought pursuant to §1983 for Fourth Amendment violations, a "seizure" of a plaintiff's property occurs when "'there is some meaningful interference with an individual's possessory interests in that property.'" *Soldal v. Cook County, Ill.*, 113 S.Ct. 538, 543 (1992) (quoting *United States v. Jacobson*, 104 S.Ct. 1652, 1656 (1984)). *See also Horton v. California*, 110 S.Ct. 2301, (noting the distinction in the interests involved in a "search" versus a "seizure" and finding neither interest "is of inferior worth or necessarily requires only lesser protection"). Defendants argue that Plaintiff has failed to properly allege a privacy interest in the vehicle; however, the Fourth Amendment protects against unreasonable interference in property interests regardless of whether there is an invasion of privacy. *Soldal*, 113 S.Ct. at 538, 546 (holding that the Fourth Amendment applies to seizures, regardless of whether they are the result of a search). Rather, because I read Plaintiff's Complaint as asserting an improper seizure of the car and his personal property therein, the issue is whether Plaintiff has standing to assert *property* rights in either the vehicle or the personal property.

To have standing to state a claim for unlawful seizure under the Fourth Amendment pursuant to §1983, a plaintiff assert a property or possessory interest in the seized property. U.S. Const. Amend. IV; *Rakas*, 99 S.Ct. at 433. *See also U.S. v. Shaefer, Michael and Clairton Slag, Inc.*, 637 F.2d 200, 203 (3d Cir. 1980) (holding that the Fourth Amendment protected from unlawful seizures when the party asserting that right had a possessory interest in the property). The Court finds that, at this stage, Plaintiff's Complaint sufficiently alleges a possessory interest in the vehicle in question. Specifically, Plaintiff's Complaint alleges that the vehicle in question was given to Plaintiff by his

17

employer to use "as his own property for the duration of his employment." (Doc. No. 1 at ¶11).  At

this stage, Plaintiff's asserted interest in the vehicle impounded by Defendant Officers is sufficient

to permit Plaintiff to bring a claim.[5]  *See e.g., U.S. v. Kennedy*, Crim. A. No. 06-23, 2007 WL

1740747 at *3 (E.D. Pa. June 15, 2007) (noting that authorized drivers have a possessory interest in

a vehicle). This is sufficient to raise a plausible claim against Defendants for impounding the vehicle.

*Twombly*, 127 S.Ct. at 1965.  At a minimum, it is sufficient to permit discovery to proceed, as it

sufficiently raises a reasonable expectation that Plaintiff had a possessory interest in the vehicle.

*Phillips,* 515 F.3d at 234 (3d Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1965)).

     In regard to the personal property allegedly left in the vehicle and not returned to Plaintiff, I

agree with Defendants that Plaintiff's Complaint is insufficient to state a Fourth Amendment claim.

Indeed, Plaintiff's Complaint contains merely a threadbare allegation that he was unable to secure

valuable personal property, which was seized by Defendant Officers. (Doc. No. 1 at ¶39).  Plaintiff

has failed to allege the exact "valuable property" allegedly seized.   Nor does he allege that the

property was taken by Defendant Officers and/or not returned. *See Twombly*, 127 S.Ct. at 1965

(holding that a plaintiff's complaint must allege sufficient facts, suggesting that discovery will reveal

evidence sufficient to state a prima facie case).   His claims regarding the personal property will

therefore be dismissed, with leave to amend.

     2.     Reasonableness of Defendant Officers' Conduct

     Defendants argue that, assuming Plaintiff has standing to assert any claims regarding the

seizure of the vehicle, Plaintiff's claims nonetheless fail because Defendant Officers were reasonable

---

     [5]     I find Defendants' argument to be premature at this point, as the allegations of the
Complaint allege a possessory interest in the vehicle in question.  However, Defendants are not
precluded from raising this issue after discovery, at the summary judgment stage.

in impounding it. (Doc. No. 8 at 8).

The Supreme Court of the United States has held that the central requirement of the Fourth Amendment is "reasonableness." *Illinois v. McArthur*, 121 S.Ct. 946, 949 (2001). In order to state a claim for unlawful seizure, a plaintiff must sufficiently allege that the defendants' conduct was "unreasonable" in light of the surrounding circumstances. *Id.* While generally, this requires law enforcement officers to have a warrant to seize property, "[w]hen faced with special law enforcement needs, diminished expectations of privacy, minimal intrusions, or the like, the Court has found that certain general, or individual, circumstances may render a warrantless search or seizure reasonable. *Id.* (citations omitted). The "reasonableness" of a state actor's seizure is determined on a case-by-case basis. *Hudson v. Palmer*, 104 S.Ct. 3194, 3206 (1984). It requires a "'careful balancing of governmental and private interests.'" *Soldal*, 113 S.Ct. at 549 (quoting *N.J. v. T.L.O.*, 105 S.Ct. 733, 742 (1985)).

Defendants argue that Defendant Officers' conduct was objectively reasonable, insofar as they were acting in accordance with standard procedure if the driver failed to show proper documentation and based on the information they had and Plaintiff's unwillingness to cooperate. (Doc. No. 8 at 8).[6] In order for a seizure to withstand Fourth Amendment scrutiny, it must be objectively reasonable. U.S. Const. Amend. IV; *Soldal*, 113 S.Ct. at 549.

I find that, for purposes of 12(b)(6), Plaintiff has sufficiently stated a claim for relief and the issue of whether Defendants acted reasonably under the circumstances is better left until the facts of

---

[6]

I note that Defendants fail to cite to any precedential or relevant case related to the legality of the seizure of the automobile in question. Nor has Defendant pointed to any standard operating procedure in regard to the impounding of vehicles for failure to provide documentation, aside from the alleged agreement with Enterprise Rent-a-Car.

the case have been discovered. Indeed, Plaintiff has alleged that he provided Defendant Officers with proper documentation of the vehicle's registration and ownership and that the officers nonetheless sought out irrelevant information or contacted improper parties in order to resolve the issue. Defendants argue that they were reasonable in impounding the vehicle for Plaintiff's alleged failure to cooperate. At this stage, I find that Defendants have not established that the need to impound the car somehow outweighed Plaintiff's possessory rights to the vehicle. *Cf U.S. v. Smith*, 522 F.3d 305 (3d Cir. 2008); *Kennedy*, 2007 WL 1740747 at *5 (finding impound reasonable where the rental car company explicitly asked the police to impound the car and noting that it would be reasonable to impound a vehicle for safety purposes). Indeed, I cannot say, as a matter of law, that Defendants' conduct in impounding the vehicle was objectively reasonable. Therefore, at this stage, Plaintiff's claims are sufficient and therefore Defendants' Motion as to his Fourth and Fourteenth Amendment claims is denied.

      E.      *Whether Plaintiff Has Sufficiently Pled Municipal Liability Under 42 U.S.C. §1983*

Plaintiff alleges that Defendant Township and Defendant Comunale failed to properly train and supervise Defendant Officers, leading to a violation of his constitutional rights under §1983. (Doc. No. 1 ¶¶102-109). Defendants argue that Plaintiff has failed to state a claim for failure to train or supervise or deliberate indifference under §1983, as (1) he has failed to state a cause of action that Defendant Officers caused a constitutional deprivation; and (2) Plaintiff has failed to identify the existence of a policy or custom resulting in a violation of Plaintiff's constitutional rights. (Doc. No. 8 at 9).

In order to state a legally sufficient claim for municipal liability under §1983, a complainant

must plead the existence of a policy or custom, which caused the alleged constitutional violation. 42 U.S.C. §1983; *Monell v. Dept. of Social Services of N.Y.*, 98 S.Ct. 2018, 2035-36 (1978). The complaint must also set forth a direct causal link between the municipal policy or custom and alleged constitutional deprivation. §1983; *Monell*, 98 S.Ct. at 2036-37. *See also Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 113 S.Ct. 1160, 1161-62 (1993) (holding that a municipality may not be sued under §1983 "unless a municipal policy or custom caused the constitutional injury"). A plaintiff can establish municipal liability in one of two ways: (1) by showing that a policy existed "'when a decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict,'" *Hayes v. Erie Cty. Office of Children and Youth*, 497 F.Supp.2d 684, 702 (W.D. Pa. 2007) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)) (quotations omitted), or (2) "'by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent to virtually constitute law.'" *Id.* (quoting *Bielevicz*, 915 F. 2d at 950) (quotations omitted).

Here, Plaintiff has failed to state a municipal policy or custom sufficient to give rise to a plausible claim of municipal liability against Defendant Township. He does not sufficiently allege either: (1) that a policymaker committed the alleged wrongful act, or (2) that the acts of Defendants Officers were so widespread or well-settled that they were functionally law or policy of Defendant Township. *Cf Hayes*, 497 F.Supp.2d at 703. Therefore, Plaintiff's claims against Defendant Township relies on the theory of *respondeat superior* liability and must be dismissed. Defendants' Motion with respect to the municipal liability will be granted.

### F. Whether Defendant Officers are Entitled to Qualified Immunity

Defendants argue that, to the extent that Plaintiff has sufficiently pled a violation of a

constitutional right, Defendant Officers are entitled to qualified immunity because any such right was not clearly established at the time of the alleged violation. (Doc. No. 8 at 11).

Questions of qualified immunity should be resolved at the earliest possible stage of litigation. *Thomas*, 463 F.3d at 291. At the 12(b)(6) stage, qualified immunity will be found "only when the immunity is established on the face of the complaint." *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)). If on its face the complaint fails to state a claim of a violation of clearly established law, "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell*, 105 S.Ct. at 2806).

In *Saucier v. Katz*, 121 S.Ct. 2151 (2001), the Supreme Court held that qualified immunity requires a two prong inquiry: (1) whether the facts alleged show the officer's conduct violated a constitutional right; and (2) whether the right was clearly established. *Id.* The Court recently receded from the holding in *Saucier*, holding that the order in which these requirements are analyzed is not essential and may vary depending on the circumstances of the given case. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009). Defendants' Motion argues that Plaintiff has failed to properly allege that Defendants' conduct violated a constitutional right and, in the alternative that any such right was not clearly established at the time of the alleged conduct.

As discussed above, Plaintiff has sufficiently pled constitutional violations against Defendants Officers pursuant to §1983. Specifically, Plaintiff's Complaint adequately alleges violations of Plaintiff's First, Fourth and Fourteenth Amendment rights. Therefore, Plaintiff has met the first prong of the inquiry.

In regard to the second prong, Defendants argue that the rights allegedly violated were not

22

clearly established at the time of the alleged conduct because, under the circumstances, a reasonable officer would have believed the conduct of Defendant Officers to be lawful and appropriate. (Doc. No. 8 at 12-13). Specifically, Defendants argue that Defendant Officers' conduct was reasonable because: (1) they acted in conformance with an agreement with Enterprise Rent-a-Car regarding impoundment of a vehicle; (2) Plaintiff could not provide Defendant Officers' with proof of his right to drive or possess the vehicle in question. (Doc. No. 8 at 12-13).

The question of whether a state actor's alleged conduct violated "clearly established law" is essentially a legal question. *Id.* (citing *Mitchell v. Forsyth*, 105 S.Ct. 2806 (1985)). For purposes of qualified immunity, a right will be clearly established when a reasonable person would have known that his or her conduct violated established statutory or constitutional rights. *Behrens v. Pelletier*, 116 S.Ct. 834, 838 (1996) (citing *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2738 (1982)). *See also Leveto v. Lapina*, 258 F.3d 156, 162-63 (3d Cir. 2001).

Defendants argue that, because there was a policy of impounding vehicles, based on an agreement with and by authority of Enterprise Rent-a-Car, the impoundment was reasonable. However, Plaintiff's Complaint alleges that the car was not owned by Enterprise Rent-a-Car, but was leased through Enterprise Leasing. (Doc. No.1 at ¶12). Reading these facts in a light most favorable to Plaintiff, the alleged agreement with or authority given by Enterprise Rent-a-Car to impound vehicles did not apply in this case. Plaintiff alleges that instead Defendant Officers acted out of retaliatory and discriminatory animus to impound the vehicle in violation of his rights. (Doc. No. 1 at ¶¶85, 110-112). While Defendants now argue that Defendant Officers reasonably acted according to a policy they believed applied at the time of the alleged conduct, this does not sufficiently show that qualified immunity exists on the face of the Complaint. *See Thomas*, 463 F.3d at 294.

Furthermore, I find Defendants' argument that it acted reasonably in impounding the vehicle because Plaintiff could not provide sufficient proof of his right to drive or possess the vehicle to be unpersuasive. First, I note that Defendants have failed to point to specific law regarding the reasonableness of impounding Plaintiff's vehicle in the course of the traffic stop. Indeed, Defendants cite only *U.S. v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006), for the proposition that Defendants were within their right to "escalate" the traffic stop, by checking credentials and asking questions of the occupants. (Doc. No. 8 at 12). Defendants cite *Mosley* correctly in regard to an officer's ability to escalate a traffic stop in order to obtain further information. *See Id.* However, *Mosely* is not helpful to the determination of the issue at hand, *i.e.*, whether it was reasonable for Defendant Officers to subsequently impound the vehicle. It is Defendants' burden to show that qualified immunity exists. *See Thomas*, 463 F.3d at 293-94. Defendants have failed to do so, thus, on the face of the Complaint, it has not been established that Defendant Officers acted reasonably in impounding Plaintiff's vehicle. As such, qualified immunity is not appropriate at this stage. Defendants Motion as to qualified immunity is denied, without prejudice to raise the issue at summary judgment. *See Newland v. Reehorst*, 328 Fed. Appx. 788, 791 n. 3 (3d Cir. 2009) (noting that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases").

G.      *Whether Plaintiff Has Sufficiently Pled Official Capacity Claims Against Defendant Officers*

In their Motion to Dismiss, Defendants argue that, to the extent that Plaintiff has alleged §1983 claims against Defendant Officers in their official capacities, said claims should be dismissed. (Doc. No. 8 at 13). Specifically, Defendants argue that, as Plaintiff may bring suit against Defendant

24

Township, his official capacity claims are redundant and should be dismissed. (Doc. No. 8 at 14).

Suits against a state actor in his or her individual capacity seeks "to impose personal liability upon [a state actor] for actions he takes under color of state law." *Kentucky v. Graham*, 105 S.Ct. 3099, 3105 (1985) (citing *Scheuer v. Rhodes*, 94 S.Ct. 1683 (1974)). "Official capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id*. (quoting *Monell*, 98 S.Ct. at 2035 n. 55). An official capacity suit against a state actor "is not a suit against the official but rather is a suit against the official's office. As such it is not different from a suit against the State itself." *Hafer*, 112 S.Ct. at 358. Here, Plaintiff's official capacity claims against Defendant Officers are a restatement of his claims against Defendant Township. Because, as discussed above, Plaintiff cannot maintain a claim against Defendant Township, as he has failed to adequately allege municipal liability, his official capacity claims against Defendant Officers must also be dismissed. *See e.g., Turner v. City of Phila.*, 22 F.Supp. 2d 434, 439 (E.D. Pa. 1998).

### H.      *Whether Plaintiff's Claims for Punitive Damages Should Be Dismissed*

Defendants argue that, to the extent that Plaintiff has alleged claims for punitive damages against Defendant Township, said claims should be dismissed as public policy prohibits punitive damages claims against government entities. (Doc. No. 8 at 14). In his response to Defendants' Motion, Plaintiff states that he makes no claim for punitive damages against Defendant Township. (Doc. No. 17 at ¶73). Thus, Defendants' Motion to Dismiss will be granted as to punitive damages against Defendant Township, with prejudice.

### V.      Conclusion

25

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED, in part and DENIED, in part in accordance with the foregoing.

By the court,

s/ Donetta W. Abrose
Donetta W. Ambrose,
United States District Judge

Dated: January 27, 2010

cc:    All counsel and parties of record.

26

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRAIG CUNNINGHAM,               )
                    Plaintiff,  )
                                )
        v.                      )
                                )        Civil Action No. 09-1314
NORTH VERSAILLES                )
TOWNSHIP, VINCENT DICENZO,      )
THOMAS NEE, JAMES COMUNALE      )
and JOHN DOE,                   )
                    Defendants. )


AMBROSE, District Judge.

**ORDER**

AND NOW, this **27ᵗʰ** day of January, 2010 for the reasons set forth in the accompanying

opinion, it is hereby ORDERED that Defendants' Motion to Dismiss (Doc. No. 7) is GRANTED,

in part and DENIED, in part.

Defendants' Motion as to Count I of Plaintiff's Complaint is granted. Plaintiff's claims for

civil conspiracy pursuant to 42 U.S.C. §1983 are hereby dismissed, without prejudice. Defendants'

Motion as to Count II of Plaintiff's Complaint is granted. Plaintiff's claims against Defendant

Township brought under 42 U.S.C. §1983 are dismissed, without prejudice.

Defendants' Motion as to Count IV of Plaintiff's Complaint is granted to the extent that

Plaintiff has pled official capacity suits against Defendant Officers. To the extent that Plaintiff has

pled official capacity suits against Defendant Officers, said claims are dismissed.

Defendants' Motion as to Count IV is denied to the extent that it seeks dismissal of Plaintiff's

First, Fourth and Fourteenth Amendment claims.

Plaintiff may file an amended complaint correcting the deficiencies noted herein by February 9, 2010.

By the court,


s/ Donetta W. Abrose
Donetta W. Ambrose,
Chief United States District Judge


Dated: January 27, 2010

cc:    All counsel and parties of record.